IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **UNDER SEAL** |
| v. ) | |
| ) | Criminal No. 1:23-mj-165 |
| MELVIN PLOWDEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Caitlin McGourty, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since February 2019. I am currently assigned to ATF's Washington Field Office. Prior to joining the ATF, I was a sworn police officer with the District of Columbia Metropolitan Police Department for approximately five years. During that time, I was assigned to the Sixth District Crime Suppression Team, where I was tasked with combatting violent crimes in the District of Columbia, including but not limited to firearms and narcotics offenses.

2. Since joining the ATF, I have successfully completed numerous training programs hosted by ATF and other local, state, and federal law enforcement agencies and organizations, including the Federal Law Enforcement Training Center's 12-week Criminal Investigator Training Program and the 14-week ATF Special Agent Basic Training Program. Through my training and experience, I have become familiar with the provisions of the federal firearms laws administered under Title 18 and Title 26 of the United States Code. I have personally conducted and participated

in investigations that have resulted in the arrest and conviction of numerous individuals responsible for violations of the District of Columbia Code and United States Code including, but not limited to, firearms offenses.

3. I make this affidavit in support of a criminal complaint and arrest warrant charging MELVIN PLOWDEN ("PLOWDEN") with aiding and abetting the making of false statements with respect to the purchase of firearms, in violation of 18 U.S.C. §§ 2 and 924(a)(1)(A).

4. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during the course of this investigation, as well as information and evidence obtained from other agents involved in this investigation. All observations I did not personally make were relayed to me by the individuals who made them, or come from my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

## FACTS SUPPORTING PROBABLE CAUSE

5. Through my training and experience, I am aware that federal law prohibits Federal Firearms Licensees ("FFLs") from selling a firearm to a non-licensee purchaser "unless the [FFL] records the transaction on a firearms transaction record, Form 4473." 27 C.F.R. § 478.124(a). "Form 4473" refers to the ATF Firearms Transaction Record. I am further aware that the law requires FFLs to retain "as part of the required records, each Form 4473 obtained in the course of transferring custody of the firearms." 27 C.F.R. § 478.124(b). Accordingly, any false statement a purchaser makes on a Form 4473 pertains to information an FFL is required by law to maintain.

A. **Cooperating Defendant's EDVA Firearms Purchases and Firearm Recovery from PLOWDEN.**

6. Between in or around October 18, 2019, and in or around November 23, 2020, a cooperating defendant (hereinafter, "C.D.") purchased a total of approximately 33 firearms in 11 separate transactions and attempted to purchase three additional firearms in three separate transactions at FFLs located within the Eastern District of Virginia. The vast majority of the purchased firearms (specifically, 30 of them) were acquired during the three-week period spanning May 15, 2020, and June 5, 2020. In 2022, C.D. was prosecuted in the Eastern District of Virginia for straw purchasing firearms.[1] Specifically, C.D. straw purchased each of the 33 firearms and attempted to purchase the additional three firearms on behalf of PLOWDEN, who, as of October 2019, had at least three felony convictions and was thus prohibited from purchasing firearms pursuant to 18 U.S.C. § 922(g)(1). As articulated below, there is probable cause to believe that PLOWDEN aided and abetted C.D. in providing false statements so that C.D. could purchase the firearms for PLOWDEN.

7. Based on my review of ATF records, I know that for each of the above firearm purchases and attempted purchases, C.D. completed an ATF Form 4473, which C.D. was required by law to answer truthfully. Question 11a on the form asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm to you." On each Form 4473, C.D. answered "yes." In Section 14 of each ATF Form 4473, C.D. certified by signature that C.D.'s answers on the form were "true, correct,

---

[1] C.D. was adjudicated by the court as a "mental defective," as defined in 27 C.F.R. § 478.11(a)(2), in light of his intellectual disabilities. Upon such adjudication, C.D. became prohibited from purchasing firearms pursuant to 18 U.S.C. § 922(g)(4).

3

and complete," and that C.D. understood that "making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to [the] transaction, is a crime punishable as a felony under Federal law." Between October 18, 2019, and November 23, 2020, C.D. completed 17 separate ATF 4473 Forms.

8.      Of the 33 firearms that C.D. purchased, 15 were later recovered by law enforcement officers in connection with criminal activity in Washington, D.C., Maryland, and Pennsylvania.

9.      For example, on June 4, 2020, C.D. purchased a Springfield Armory .45 caliber pistol bearing serial number MG689511 at New American Arms, LLC., an FFL located in Richmond, Virginia, within the Eastern District of Virginia. Shortly thereafter, on June 14, 2020, PLOWDEN was arrested following an attempted robbery and shooting that took place in Oxon Hill, Maryland. Specifically, a co-worker of PLOWDEN (hereinafter, "the victim") reported that, on June 14, 2020,[2] PLOWDEN had approached the victim and, after an argument, demanded that the victim get in PLOWDEN's car and take out money from the victim's bank account and pay it to PLOWDEN. When the victim refused, PLOWDEN got in his car, rolled down a window, brandished a handgun, and fired two shots at the victim. PLOWDEN then took off in his car.

10.     While he was fleeing from the scene of the crime, PLOWDEN crossed the Maryland–Virginia state line and was arrested in Virginia by officers of the Virginia State Police. After PLOWDEN's arrest, PLOWDEN's vehicle was towed and kept in the custody of Prince George's County Police Department ("PGPD") pending the retrieval and execution of a search

---

[2] The initial Prince George's County police report states that the offense was reported on June 6, 2020. However, in speaking with the assigned detective and obtaining the supplemental reports for this case, the offense date, arrest, and weapon recovery is clarified as having occurred on June 14, 2020.

4

warrant. Prior to the vehicle being towed, in plain view, officers observed a firearm located under the driver's seat of the vehicle. The firearm was removed from the vehicle and seized by PGPD for safety reasons prior to the vehicle being towed. The recovered firearm was the same Springfield Armory .45 caliber pistol bearing serial number MG689511 that C.D. had purchased on June 4, 2020. The following day, PLOWDEN was transferred from the Alexandria, Virginia, Sheriff's Office to PGPD custody pursuant to an active arrest warrant for the June 14, 2020, incident. That same day, PGPD officers obtained a search warrant to search PLOWDEN's vehicle. Based on my training and experience, a recovery such as this with a short time to crime connected to a crime of violence outside the state in which the firearm was purchased is indicative of firearms trafficking.

B.  **Information Provided by C.D. and Other Evidence of PLOWDEN's Aiding and Abetting Straw Purchasing.**

11.  In interviews with ATF and in a sworn statement of facts, C.D. admitted that he had falsely represented to the FFLs from which he purchased firearms that he was the actual buyer of the firearms when in truth and fact he was purchasing the firearms on behalf of PLOWDEN. C.D. explained that, generally, when he would purchase firearms for PLOWDEN, PLOWDEN would pick up C.D. in PLOWDEN's vehicle, tell C.D. which firearms PLOWDEN wished to buy, provide C.D. with money with which to purchase the firearms, and drive C.D. to the various FFLs to purchase the firearms. On the few occasions when PLOWDEN did not travel to the FFL to purchase the firearms, PLOWDEN instructed C.D. to drive his (PLOWDEN's) vehicle to purchase the firearms from the FFL, and C.D. later delivered the firearms to PLOWDEN.

12.  C.D. further explained to ATF that sometimes PLOWDEN paid C.D. money to purchase the firearms using Cash App, and sometimes PLOWDEN had other individuals pay C.D. money to purchase the firearms via Cash App. ATF reviewed records belonging to C.D.'s Cash

5

App account and found eight transactions between C.D. and other Cash App users for large sums of money (i.e., between $700 and $1,000) on days on which C.D. purchased firearms from the above-mentioned FFLs. The Cash App records also revealed that C.D. paid some of the FFLs from which he purchased firearms using his Cash App account.

13. ATF also reviewed call detail records made between a phone number belonging to C.D. during the time period covering the above firearms purchases and a phone number that ATF has associated with PLOWDEN through Apple account records and various open source and law enforcement database queries (202-539-3817). Between May 15, 2020, and June 19, 2020, approximately 150 phone calls were made between C.D.'s phone number and PLOWDEN's phone number, most of which occurred on dates of known firearms purchases. For example, there were eight successfully completed calls on June 4, 2020, when C.D. purchased the aforementioned Springfield Armory .45 caliber pistol bearing serial number MG689511 that was recovered from PLOWDEN's vehicle.

14. During the course of the investigation, ATF also reviewed PLOWDEN's geolocation data, which was provided pursuant to a grand jury subpoena by the District of Columbia's Pretrial Services Agency in relation to its pretrial supervision of PLOWDEN. Specifically, in 2020, during the timeframe of the firearms purchases, PLOWDEN was on geolocation ("GPS") monitoring and supervision stemming from a firearm-related charge in D.C. Superior Court. From at least May 15, 2020, through November 23, 2020—the date of C.D.'s last firearm purchase—PLOWDEN's geolocation data was recorded by his GPS monitoring device. During that time period, PLOWDEN's primary residence was in Maryland. A review of the data shows that on 10 of the 14 dates on which C.D. purchased or attempted to purchase firearms, PLOWDEN's GPS monitoring device was located in the direct vicinity of each FFL from which

6

C.D. purchased firearms.  For example, on June 4, 2020, when C.D. purchased the aforementioned Springfield Armory .45 caliber pistol bearing serial number MG689511 from New American Arms, LLC, PLOWDEN's GPS monitoring device showed that PLOWDEN traveled from and through Maryland to Richmond, Virginia, and then back to Maryland, placing PLOWDEN on the same block as New American Arms, LLC between 2:30 p.m. and 3:25 p.m.

15.     Last, ATF also investigated PLOWDEN's connection to other individuals suspected of buying straw-purchased firearms from PLOWDEN.  On May 31, 2020, C.D. purchased a Spikes Tactical multi caliber firearm bearing serial number SAR07349 from Dominion Defense, an FFL located in Lorton, Virginia, within the Eastern District of Virginia.  Approximately one month later, on July 2, 2020, a joint group of ATF agents and agents with the Federal Bureau of Investigation executed a search warrant at the residence of a convicted felon (hereinafter, "C.F.") for firearms and narcotics-related charges.  During the search, special agents found and seized the Spikes Tactical multi caliber firearm bearing serial number SAR07349 that C.D. had purchased on May 31, 2020.

16.     Pursuant to a search warrant, ATF searched electronic devices seized from C.F.'s residence and found text message communications between C.F. and the above-mentioned phone number associated with PLOWDEN (i.e., 202-539-3817).  Specifically, between June 4, 2020, and June 7, 2020, PLOWDEN offered to sell C.F. a "fully" for "25."  Based on my training and experience, I know that a "fully" is a term used to describe a fully automatic "AR" style pistol, and that "25" means $2,500.  The conversation continued and PLOWDEN agreed to deliver the firearm to C.F.  C.F. sent his residential address and PLOWDEN replied, "Ok On my way!".

17.     In an interview with C.F., C.F. told ATF that he had purchased the Spikes Tactical multi caliber firearm bearing serial number SAR07349 from an individual he knew as "Nose."

When C.F. was later shown a photograph of PLOWDEN, C.F. stated that the person pictured was "Nose." Based on my training and experience, the content and timeline of the communications between PLOWDEN and C.F., and the recovery of the Spikes Tactical multi caliber firearm bearing serial number SAR07349 from C.F.'s home, there is reason to believe that PLOWDEN sold to C.F. firearms that C.D. had originally purchased.

## CONCLUSION

18. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about June 4, 2020, in the City of Richmond, Virginia, within the Eastern District of Virginia, the defendant, MELVIN PLOWDEN, knowingly aided and abetted the making of false statements with respect to the purchase of firearms, in violation of 18 U.S.C. §§ 2 and 924(a)(1)(A)

19. Based on the foregoing, I request that the Court issue a criminal complaint and arrest warrant.

Respectfully submitted,

Caitlin McGourty
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to in accordance with Fed. R. Crim. P. 41
by telephone on August 21, 2023.

Lindsey Vaala
Digitally signed by Lindsey Vaala
Date: 2023.08.21 15:30:55 -04'00'

The Honorable Lindsey R. Vaala
United States Magistrate Judge

8